**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 11-4828**

———————

UNITED STATES OF AMERICA,

 Plaintiff – Appellee,

 v.

VIC F. HENSON, a/k/a Vic F. Gray,

 Defendant - Appellant.

———————

**No. 11-4830**

———————

UNITED STATES OF AMERICA,

 Plaintiff – Appellee,

 v.

TODD C. SNEAD,

 Defendant - Appellant.

———————

Appeals from the United States District Court for the Western District of North Carolina, at Charlotte. Max O. Cogburn, Jr., District Judge. (3:10-cr-00124-MOC-6; 3:10-cr-00124-MOC-3)

———————

Submitted: February 28, 2012      Decided: March 8, 2012

———————

Before NIEMEYER and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————————

Carol Ann Bauer, Morganton, North Carolina; Steven T. Meier, MEIER LAW, Charlotte, North Carolina, for Appellants. Kurt William Meyers, Assistant United States Attorney, Charlotte, North Carolina, Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Vic F. Henson and Todd C. Snead were both named, along with nine co-defendants, in a thirty-count indictment. Henson pled guilty, pursuant to a written plea agreement, to one count of conspiracy to commit mortgage fraud, in violation of 18 U.S.C. § 371 (2006), referencing 18 U.S.C. §§ 371, 1014, 1341, 1343, 1344 (2006), and one count of conspiracy to bribe a bank, in violation of 18 U.S.C. § 371, referencing 18 U.S.C. § 215 (2006). Snead pled guilty, pursuant to a written plea agreement, to one count of conspiracy to commit mortgage fraud, in violation of 18 U.S.C. § 371, referencing 18 U.S.C. §§ 1014, 1341, 1343, 1344; one count of bank fraud, in violation of 18 U.S.C. § 1344; and one count of money laundering conspiracy, in violation of 18 U.S.C. § 1956 (2006). The district court sentenced Henson to twenty-seven months in prison and Snead to fifty-one months. Henson and Snead timely appealed.

On appeal, counsel for Henson and Snead submitted a consolidated brief in accordance with Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious issues for appeal, but questioning: (1) whether the Government committed prosecutorial misconduct in declining to move for a downward departure for Henson based on substantial assistance pursuant to U.S. Sentencing Guidelines Manual (USSG) § 5k1.1 (2010), and (2) whether the district court erred in increasing

3

Snead's offense level by two levels for abuse of a position of trust pursuant to USSG § 3B1.3. Although both Henson and Snead were informed of their right to file pro se supplemental briefs, neither has done so. The Government declined to respond.

The filing of a motion for sentence reduction based on substantial assistance provided by a defendant is within the Government's sole discretion. See Fed. R. Crim. P. 35(b); USSG § 5K1.1. However, a court may remedy the Government's refusal to move for a reduction of sentence if (1) the Government has obligated itself to move for a reduction under the terms of the plea agreement, United States v. Conner, 930 F.2d 1073, 1076 (4th Cir. 1991), or (2) the Government's refusal to move for a reduction "was based on an unconstitutional motive" or "was not rationally related to any legitimate Government end[.]" Wade v. United States, 504 U.S. 181, 185-86 (1992); United States v. Butler, 272 F.3d 683, 686 (4th Cir. 2001). If the defendant cannot show a breach of his plea agreement or an unconstitutional motive, "a claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing. Nor would additional but generalized allegations of improper motive." Wade, 504 U.S. at 186.

Here, the plea agreement gave the Government full discretion to decide whether Henson's assistance was substantial

4

and warranted a § 5K1.1 motion.  Moreover, Henson does not argue that the Government's refusal to move for a downward departure was based on an unconstitutional motive.  Instead, at sentencing, Henson admitted that she provided no assistance that would warrant such a departure.  Therefore, Henson's claim of prosecutorial misconduct is without merit.  See United States v. Scheetz, 293 F.3d 175, 185 (4th Cir. 2002).

The district court's factual determination that a defendant abused a position of public or private trust is reviewed for clear error.  United States v. Caplinger, 339 F.3d 226, 235 (4th Cir. 2003).  Section 3B1.3 of the Guidelines, the provision applied to Snead, directs that a defendant's offense level may be increased by two levels "[i]f the defendant abused a position of public or private trust, or used a special skill, in a manner that significantly facilitated the commission or concealment of the offense."  USSG § 3B1.3.  The "central purpose" of the enhancement "is to penalize defendants who take advantage of a position that provides them with the freedom to commit a difficult-to-detect wrong."  United States v. Brack, 651 F.3d 388, 393 (4th Cir. 2011) (internal quotation marks and alteration omitted).  Whether a defendant occupied a position of trust must be viewed from the perspective of the victim.  United States v. Abdelshafi, 592 F.3d 602, 611 (4th Cir. 2010).  Our review of the record leads us to conclude that Snead's position

as a banking mortgage consultant and his abuse of that position warranted the USSG § 2B1.3 enhancement.

In accordance with <u>Anders</u>, we have examined the entire record for potentially meritorious issues and have found none. We affirm the judgment of the district court. This court requires that counsel inform Henson and Snead, in writing, of their right to petition the Supreme Court of the United States for further review. If Henson or Snead requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move to withdraw. Counsel's motion must state that a copy thereof was served on his or her client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>